**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BILLY M. S.,**

                                    **Plaintiff,**

        v.                                                      **1:24-CV-628**
                                                                **(FJS/PJE)**

**COMMISSIONER OF THE SOCIAL SECURITY**
**ADMINISTRATION,**

                                    **Defendant.**

---

**APPEARANCES**                              **OF COUNSEL**

**DENNIS KENNY LAW**                         **KATHERINE USEWICZ, ESQ.**
288 North Plank Road
Newburgh, New York 12550
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**          **HUGH DUN RAPPAPORT, ESQ.**
6401 Security Boulevard                       **KATHRYN POLLACK, ESQ.**
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

        Pending before the Court are Magistrate Judge Evangelista's Report-Recommendation

and Order, *see* Dkt. No. 17, Plaintiff's objections thereto, *see* Dkt. No. 18, and Defendant's

response to Plaintiff's objections, *see* Dkt. No. 20.

## II. BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g).  He sought judicial review of Defendant's final decision denying his application for disability insurance ("DIB") and supplemental security income ("SSI") benefits.  *See* Dkt. No. 1.  This Court referred the matter to Magistrate Judge Evangelista for a Report and Recommendation.

Both parties filed briefs.  *See* Dkt. Nos. 9, 15, 16.  After a thorough review of the parties' arguments, the Administrative Record ("AR"), and the ALJ's decision denying Plaintiff's application, Magistrate Judge Evangelista issued a Report-Recommendation and Order in which he recommended that the Court deny Plaintiff's cross-motion, grant Defendant's cross-motion and affirm the Social Security Administration's decision.  *See* Dkt. No. 17 at 31-32.  Plaintiff timely filed objections to those recommendations, *see* Dkt. No. 18; and Defendant filed a memorandum of law in opposition to Plaintiff's objections, *see* Dkt. No. 20.

## III. DISCUSSION

### A.    Initial arguments before Magistrate Judge Evangelista

In his brief, Plaintiff argued that the ALJ "committed multiple errors of law and fact, the Commissioner's decision was not supported by substantial evidence and was incorrect as a matter of law."  *See* Dkt. No. 9 at 4.  Plaintiff further claimed that the "ALJ never inquired at the hearing concerning medical or treating source opinions about the issue of [his] disability and what role, if any, substance abuse plays."  *See id.* at 22.  Furthermore, Plaintiff asserted that the ALJ was required to develop evidence "from treating sources that [he] is impaired in the absence of substance abuse."  *See id.*  Finally, Plaintiff argued that (1) substance abuse was not a

contributing factor material to the ALJ's disability determination; (2) he satisfied the Listing 12.05 criteria for an intellectual disorder; and (3) he was unable to perform any type of substantial gainful activity "with or without the presence of a co-existing substance abuse disorder." *See id.* at 28; *see id.* at 22, 24; Dkt. No. 16 at 4, 6.

To the contrary, Defendant argued that substantial evidence supported the ALJ's determination and, therefore, that the Court should affirm that determination. *See, generally,* Dkt. No. 15. Specifically, Defendant contended that (1) Plaintiff's impairments do not meet the Listing 12.05 criteria; (2) the ALJ properly considered the materiality of Plaintiff's substance abuse disorder; and (3) the ALJ's step-five analysis was based on the vocational expert's testimony and satisfied Defendant's burden. *See id.* at 9-22.

**B.      Plaintiff's objections to Magistrate Judge Evangelista's report and recommendation**

In his objections to Magistrate Judge Evangelista's report and recommendation, Plaintiff argues that the ALJ's decision was infected with errors of law and fact and that there is not sufficient evidence in the record to support the ALJ's conclusion that he is not disabled. *See* Dkt. No. 18, Plaintiff's Objections, at 6-8. Furthermore, Plaintiff argues that substance abuse is not a material factor contributing to his disability. *See id.* at 8-9. In sum, Plaintiff asserts that"[t]here is no substantial evidence of record to support the ALJ's decision that substance abuse is a material factor determinative of Plaintiff's disability, because the ALJ misconstrued Plaintiff's impairments and how they interact with each other to render him disabled." *See id.* at 9.

Plaintiff contends that, "even aside from the substance abuse issue, [he] would have, *inter alia*, severe limitations in performance of substantial gainful activity, as noted by SSA's consultative examiners[.] The totality of the opinion evidence, educational evidence, testimonial

evidence, and medical and non-medical evidence of record supports a finding that [he] is incapable of substantial gainful activity." *See id.* at 9-10. Thus, Plaintiff argues that "[a]ny other conclusion is based on errors of both law and fact and requires remand for further administrative proceedings so that the ALJ may correct those errors." *See id.* at 10.

**C.      Defendant's response to Plaintiff's objections**

Defendant argues that Plaintiff's objections "merely invite[] this Court to rehash the same arguments that Plaintiff set forth in the original papers." *See* Dkt. No. 20 at 1 (citing "P.Mem." (ECF No. 9) & "P Rply" (ECF No. 16)) (footnote omitted).[1] Moreover, Defendant argues that Plaintiff's objection "does not even <u>mention</u> – let alone make any attempt to <u>dispute</u> – a single statement in the R&R." *See id.*

Defendant contends that "[o]bjections to R&Rs that 'attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] . . . . reduce the magistrate's work to something akin to a meaningless dress rehearsal.'" *See id.* at 1-2 (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308 (S.D.N.Y. 2009) (cleaned up)).

Finally, Defendant explains that "'[w]hen a party . . . simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *See id.* (quoting *Jackson v. Morgenthau*, No. 07-2757, 2009 WL 1514373, at *1 (S.D.N.Y. May 28, 2009)). Therefore, Defendant asserts that, "[f]ore the reasons that Judge Evangelista explained in

---

[1] Defendant notes that "Plaintiff appears to have populated literally every page of the argument in the Objection by copying-and-pasting significant amounts of text from the original papers. <u>Compare</u> Obj. at 5 with P.Mem. at 6-7, 17; <u>compare</u> Obj. at 6 <u>with</u> P.Mem. at 7-8, 16-17, 24-25; <u>compare</u> Obj. at 7 <u>with</u> P.Mem. at 3-4, 13-14, 17-19, 22-24; <u>compare</u> Obj. at 8 <u>with</u> P.Mem. at 14, 20-23, 25 <u>and with</u> P.Reply at 4-5) (Citations herein refer to the footers of the original papers.)." *See* Dkt. No. 20 at 1 n.2.

his well-reasoned R&R, and for the reasons that the Commissioner explained in his original papers (ECF No. 15), Plaintiff has not come within shouting distance of establishing that Judge Evangelista committed any clear error when he rejected the arguments that Plaintiff presented in his original papers." *See id.*

**D.    Standard of review**

This Court reviews *de novo* those portions of a magistrate judge's report and recommendations that have been properly preserved with a specific objection. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quoting N.D.N.Y. Local Rule 72.1(c)) (footnote omitted). If the parties do not file any specific objections, this Court reviews a magistrate judge's report-recommendation for clear error. *See id.* at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1993 Addition). Likewise, if an objection simply rehashes "the same arguments and positions taken in the original papers submitted to the magistrate judge," "the Court subjects that portion of the report-recommendation . . . to only *clear error* review." *See id.* at 228-29 & n.6 (collecting cases). "'When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker,* No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995))).

After appropriate review, "the court may accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### E.    Analysis

As Defendant correctly points out, Plaintiff's objections are, in sum and substance, the same arguments that he raised in his initial brief. Thus, the Court need only satisfy itself that there is no clear error on the face of the record.

In his Report-Recommendation and Order, Magistrate Judge Evangelista thoroughly addressed each of Plaintiff's objections, reviewed the ALJ's analysis of the evidence in the record in light of those objections and the conclusions that the ALJ drew based on the record evidence. For example, with regard to Plaintiff's argument that the record lacked a treating source opinion addressing the effects of his substance abuse, Magistrate Judge Evangelista found that, in fact, "the record . . . contain[ed] plaintiff's treatment records from his treating physician, Dr. Taniguchi, and treatment records and examination reports from various treatment providers that account[ed] for his substance abuse." *See* Dkt. No. 17, Report-Recommendation and Order, at 13 (citing T. at 451-54, 462-65, 468-73, 475-84, 491-539, 595-626, 628-732, 739-828, 842-80). Moreover, Magistrate Judge Evangelista found that "[t]he treatment providers at New Life Manor noted that plaintiff 'meets diagnostic criteria for Substance Use Disorder – Alcohol – severe, Cocaine – severe, Marijuana – severe and Nicotine Dependence. Client presents with substantial deficits in functional skills and an inability to maintain stable employment as well as interpersonal relationships' and analyzed his level of impairment resulting from substance abuse.'" *See id.* (citing [T.] at 477, 478-80).

With regard to Plaintiff's objections about the ALJ's RFC determination, Magistrate Judge Evangelista noted that "the ALJ considered the medical opinions of record and plaintiff's medical treatment records." *See id.* at 23.  Specifically, he noted that "the ALJ considered the medical opinion of Dr. Jason Taniguchi, D.O., plaintiff's treating physician . . . [and] noted that on May 13, 2021, Dr. Taniguchi opined that plaintiff 'has no limitations in the ability to lift and carry, stand and/or walk, sit, push and/or pull . . . .'" *See id.* (quoting T. at 32 (citing Exh. B2F, T. at 450-54)).  In addition, the ALJ considered the opinion of consulting examiner Alison Murphy, Ph.D*., see id.*, and "noted Dr. Muphy's opinion that 'the results of the present evaluation appear to be consistent with substance abuse and cognitive problems but, in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis[,]' *see id.*" (quoting T. at 32-33 (citing Exh. B14F, T. at 566-70).  Ultimately, the ALJ found this opinion "'not persuasive, because the overall evidence supports greater limitations with his impairments, including substance use disorders while abusing substances.  In addition, the opinion is internally inconsistent, as the consultative examiner opined that the claimant's impairments are not significant enough to interfere with his ability to function on a daily basis, which would be consistent with no-"severe" impairments.  However, the consultative examiner did note some moderate limitations, which would support a finding of "severe" impairments.'" *See id.* at 23-24 (quoting [T] at 33).

Magistrate Judge Evangelista also noted that the ALJ reviewed consultative physician Paul Mercurio, MD.'s opinion that Plaintiff had "'mild limitation for activities requiring good speaking ability[,]' and 'no limitations for hearing . . . sitting, standing, walking, climbing stairs, bending, lifting, carrying, kneeling, reaching, or handling objects.'" *See id.* at 24 (quoting T. at 33 (citing Exh. B15F, T. at 572-76)).  "The ALJ determined this opinion and the opinion of

consultative physician Scott Verni's to be 'persuasive, as it is supported by a thorough exam and is consistent with the findings on exam and overall evidence." *See id.* at 24 (quoting T. at 33 (citing Exh. B15F, T. at 572-76)).  In addition, the ALJ considered treating provider Samantha Cesear, MHC-LP's opinions, the findings of the state consultative examiners, and the state psychological consultants." *See id.* at 25-26.

Magistrate Judge Evangelista also noted that "[t]he ALJ further considered the effects of plaintiff's substance abuse disorder, concluding that plaintiff 'could perform a wide range of work at all exertional levels if he stopped his substance use.  The evidence shows that the claimant reported being unable to work due to his substance abuse treatment rather than his other impairments.'"  *See* Dkt. No. 17 at 26 (quoting T. at 37 (citing Exh. B8F, T. at 496, 499)).

After reviewing the ALJ's analysis of the opinion evidence, Magistrate Judge Evangelista concluded that the analysis "'of the opinion evidence is supported by substantial evidence in that he accurately discussed the opinions and provided sufficient reasons for the weight given to each opinion.'"  *See id.* (quoting *Michelle M. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1065 (TWD), 2020 WL 495170, at *7 (N.D.N.Y. Jan. 30, 2020)).  Magistrate Judge Evangelista also noted that the ALJ had discussed Plaintiff's subjective reports in his medical treatment records and had concluded that Plaintiff's "'medically determinable impairments could reasonably be expected to produce the alleged symptoms, and that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are generally consistent with the evidence when the substance use is included.'"  *See id.* (quoting T. at 32, *see* T. at 30-32).  In sum, Magistrate Judge Evangelista concluded that "the ALJ did not err in his assessment of the medical evidence."  *See id.* (citation omitted).

Magistrate Judge Evangelista also noted that "'[p]laintiff does not identify any particular portions of the RFC that [he] contends are unsupported.'" *See id.* at 27 (quoting *Joseph J.B.*, 2024 WL 4217371, at *11 (quoting *Nichole K. v. Comm'r of Soc. Sec.*, No. 1:23-CV-858 (EAW), 2024 WL 3022592, at *7 (W.D.N.Y. June 17, 2024)).  Instead, plaintiff merely disagreed with how the ALJ weighed the evidence.  *See id.* (citations omitted).  Magistrate Judge Evangelista concluded that, because "'the ALJ's analysis of the medical and opinion evidence of record indicates a detailed review of such evidence with sufficient explanation to support the RFC determination[,]' it is supported by substantial evidence, and remand is not warranted on this ground."  *See id.* (quotation and other citation omitted).

Magistrate Judge Evangelista next discussed Plaintiff's argument that the ALJ's step-five determination was not supported by substantial evidence.  After providing hypotheticals to a Vocational Expert at the hearing, the ALJ determined that, if Plaintiff "'stopped the substance use, considering [plaintiff's] age, education, work experience, and residual functional capacity, there have been jobs that exist in significant numbers in the national economy that [plaintiff] can perform.'"  *See id.* at 29 (quoting T. at 38).  The ALJ also noted that, "'[e]ven if the claimant stopped substance use, [plaintiff's] ability to perform work at all exertional levels has been compromised by nonexertional limitations.'"  *See id.* (quoting [T. at 38]).  Magistrate Judge Evangelista noted that "the ALJ relied on the VE's testimony to conclude that 'given all of these factors [plaintiff] would be able to perform the requirements of representative occupations' of a small parts assembler, marker, or laundry worker."  *See id.* at 29-30 (quoting [T.] at 39).

Magistrate Judge Evangelista acknowledged Plaintiff's argument that he was "unable to perform any of the jobs the VE listed for many reasons."  *See id.* at 30 (citing Dkt. No. 9 at 27-28).  Magistrate Judge Evangelista, however, concluded that "[P]laintiff['s] arguments

amount[ed] to a disagreement with the weighing of the evidence supporting the ALJ's RFC determination." *See id.* (citing T. at 29, 37) (other citation omitted).

Having reviewed Magistrate Judge Evangelista's analysis of Plaintiff's objections to the ALJ's determination, the Court finds no clear error regarding Magistrate Judge Evangelista's conclusion that there is substantial evidence in the record to support the ALJ's decision.

## IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order, *see* Dkt. No. 17, is **ADOPTED AND ACCEPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 9, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 6, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge